UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:03-cr-00651-MTS-1 |
| | ) | |
| CASSAUNDRA HAYES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Defendant Cassaundra Hayes's Motion to Amend Restitution, Doc. [28]. For reasons set forth below this Court will deny Defendant Hayes's Motion.

**I.    FACTUAL BACKGROUND**

On September 10, 2001, Defendant Hayes, pleaded guilty to bank fraud pursuant to 18 U.S.C. § 1344. *See United States v. Hayes*, Case No. 4:01-cr-00129, Doc. [68] at 1 ("Hayes I). Defendant Hayes was ordered to pay restitution in the amount of $12,898.40 as part of her sentence. *See id*. at 5. Defendant Hayes was ordered to pay $100.00 a month and placed on supervised release for a term of five years following her 24-month prison sentence. *See id*. at 2-3, 5-6. On multiple occasions, Defendant Hayes admitted guilt to violating conditions of supervised release. *See United States v. Hayes*, Case No. 4:03-cr-00651, Doc. [9] at 1-3 ("Hayes II")[1] (sentencing Hayes to 10 months of imprisonment and 50 months of supervised release in 2004 for violating the terms of supervision), *see also id.*, Doc. [23] at 1-3 (sentencing Hayes to 26 months of imprisonment in 2006 for violating the terms of supervision).

---

[1] Defendant's case was briefly transferred to the Southern District of Illinois during a period of her supervised release. When her supervision was transferred back to the Eastern District of Missouri, the cause was given a new case number, 4:03-cr-00651. *See Hayes II*, Doc. [1].

1

On November 23, 2009, this Court issued an order declaring Anthony Tucker to be jointly and severally liable with Defendant Hayes for the restitution in the amount of $12,898.40. *See United States v. Tucker*, Case No. 4:01-cr-00069, Doc. [94].[2] On February 21, 2024, Defendant Hayes filed a pro se letter that this Court construes as a motion to amend or modify an order of restitution. Doc. [28].

II.     **DISCUSSION**

The Mandatory Victims Restitution Act requires restitution when a defendant is convicted of a crime of violence, an offense against property, an offense relating to tampering with consumer products, an offense relating to the theft of medical products, or where there is an identifiable victim who suffered either a physical injury or pecuniary loss. *See* 18 U.S.C. § 3663A(c)(1). The restitution amount is based on the victim's losses and "without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A); *see also United States v. Miller*, 419 F.3d 791, 794 (8th Cir. 2005). Judgments of conviction are final under 18 U.S.C. § 3582(b), "subject to certain narrow exceptions set forth in 18 U.S.C. §§ 3582(b)–(c) and other statutes." *United States v. Lasane*, No. 4:11-cr-352-RLW, 2023 WL 2496886, at *2 (E.D. Mo. Mar. 14, 2023). An order of restitution is a final judgment and 18 U.S.C. § 3664(o) enumerates the specific reasons it could be adjusted. *See* 18 U.S.C. § 3664(c); *United States v. Vanhorn*, 296 F.3d 713, 721 (8th Cir. 2002). For instance, pursuant to Rule 35(a), Fed. R. Crim. P., a restitution order can be adjusted for an "arithmetical, technical or other clear error" within 14 days of sentencing. 18 U.S.C. § 3664(o)(1)(A). A restitution order may also be "appealed and modified" as part of a direct criminal appeal. *Id*. § 3664(o)(1)(B). If a victim's losses cannot be readily ascertained at the time of

---

[2] Tucker was initially ordered to pay restitution on August 17, 2001. *See Tucker*, Doc. [94]. The order was amended on November 23, 2009, wherein Tucker was declared to be jointly and severally liable with Defendant Hayes. *See id*. Defendant Hayes was subsequently notified of this on December 1, 2009, when the Court issued an order clarifying that Tucker was found to be jointly and severally liable with Defendant Hayes. *See Hayes I*, Doc. [149].

2

sentencing, the Court may set a date for final determination of the restitution amount within 90 days of sentencing. *Id*. § 3664(o)(1)(C), (d)(5). And finally, a restitution order can be amended if a change occurs in the defendant's economic circumstances such that an adjustment of the payment schedule would be appropriate under 18 U.S.C. § 3664(k). *Id*. § 3664(o)(1)(C), (D). However, "[t]he statute does not give courts authority to change the amount of restitution that was ordered." *United States v. Raether*, No. CR 95-40012 02, 2007 WL 61012, at *2 (D.S.D. Jan. 8, 2007); *Lasane*, 2023 WL 2496886, at *3 (collecting cases); *see also United States v. Jidoefor*, No. CR 16-340, 2022 WL 1515452, at *3 (D. Minn. May 13, 2022) (holding that there was no adequate statutory basis for a defendant attempting to modify restitution eight years after the initial restitution order).

Defendant Hayes claims in her Motion that she has already paid the amount owed in full,[3] that it is unfair for her to pay more considering that Anthony Tucker was found jointly and severally liable,[4] and seeks "to have the outstanding balance of $3,242.91 dismissed." Doc. [28] at 2. However, Defendant Hayes does not identify a procedural or statutory basis, and the Court is aware of none, that would allow the Court to amend the judgment in her criminal case to change the amount of restitution. As such, this Court lacks authority to amend or modify the restitution order in this matter.

Accordingly,

---

[3] This Court's Offender Payment Enhanced Report Access system shows that Defendant Hayes still owes, at minimum, $2,852.09 in restitution. (last visited May 3, 2024).

[4] Restitution liability expires the latter of 20 years after the entry of judgment or 20 years after release from imprisonment. *See* 18 U.S.C. § 3613(b). On August 17, 2001, Tucker was sentenced to 18 months imprisonment and ordered to pay restitution in the amount of $116,015.20. *See Tucker*, Doc. [53] at 1-2, 5. The judgment was subsequently amended on June 5, 2002, wherein Tucker's restitution owed was reduced to $110,308.01. *See Tucker*, Doc. [72] at 5. Although Tucker only made payments amounting to $840.00 towards the restitution total, his restitution obligation has since expired. It has been over 20 years since entry of Tucker's judgment, as well as over 20 years after Tucker's release from imprisonment on December 6, 2002. https://www.bop.gov/inmateloc/ (last visited May 3, 2024).

3

**IT IS HEREBY ORDERED** that Defendant Hayes's pro se letter, Doc. [28], construed as a motion to amend or modify an order of restitution, is **DENIED**.

Dated this 3rd day of May, 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE